UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MTUME,

            Plaintiff,

vs.

SONY MUSIC ENTERTAINMENT, a
Delaware partnership,

            Defendant.

Civil Action No.: 1:18-cv-06037

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT**

---

Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
646.755.9200
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

-and-

David B. Rosemberg
(admitted *pro hac vice*)
ROSEMBERG LAW
18851 NE 29th Ave., Suite 1005
Aventura, FL 33180
305.602.2008
david@rosemberglaw.com

Attorneys for Plaintiff James Mtume

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................. ii

INTRODUCTION ............................................................................................................................1

ARGUMENT....................................................................................................................................2

    I.      Standard ................................................................................................................2

    II.     Whether Gap Grants Are Subject to Termination Under Section 203 of the
           Copyright Act is a Threshold Issue ...........................................................................2

    III.    Plaintiff's Termination Notice Complies With
           17 U.S.C. § 203 and 37 C.F.R. § 201.10 ..................................................................3

CONCLUSION...............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................2

*Burroughs v. Metro-Goldwyn-Mayer, Inc.*,
  683 F.2d 610 (2d Cir. 1982) ........................................................................................4

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*,
  375 F.3d 168 (2d Cir. 2004) ........................................................................................2

*McKenna v. Wright*,
  386 F.3d 432 (2d Cir. 2004) ........................................................................................2

*Morris v. Bus. Concepts, Inc.*,
  259 F.3d 65 & n.3 (2d Cir. 2001) ................................................................................8

*Music Sales Corp. v. Morris*,
  73 F. Supp. 2d 364  (S.D.N.Y. 1999) .........................................................................6

*Roth v. Jennings*,
  489 F.3d 499 (2d Cir. 2007) ........................................................................................2

*Satellite Broad. & Commc'ns Ass'n of Am. v. Oman*,
  17 F.3d 344 (11th Cir. 1994) .......................................................................................3

*Siegel v. Warner Bros. Entm't Inc.*,
  658 F. Supp. 2d 1036 (C.D. Cal. 2009) ......................................................................7

*Siegel v. Warner Bros. Entm't*,
  690 F. Supp. 2d 1048 (C.D. Cal. 2009) ......................................................................7

*Stillwater Ltd. v. Basilotta*,
  16-cv-1895, 2017 WL 2906056, at *5 (C.D. Cal. Mar. 17, 2017) ..............................4


**Rules**

17 U.S.C. § 203(4)(B)............................................................................................................5

37 C.F.R. § 201.10 ...................................................................................................... *passim*


**Other Authorities**

*Compendium of U.S. Copyright Office Practices*, Third Edition, § 2310.8 ....................................9

*Gap in Termination Provisions,* 75 Fed. Reg. 15390 (March 29, 2010).........................................2

*Gap in Termination Provisions*, 76 Fed. Reg. 32316, 32318, 32319 (June 6, 2011) .................8, 9

U.S. Copyright Office, *Analysis of Gap Grants Under the Termination Provisions of Title 17*
  (December 7, 2010) .............................................................................................................3

Plaintiff, James Mtume, through undersigned counsel, submits this memorandum of law in opposition to Defendant's Motion to Dismiss the Amended Complaint in this matter.

## INTRODUCTION

Defendant's motion to dismiss should be denied because it is premature.  The central argument in Defendant's motion is that Plaintiff's Termination Notice is invalid because it does not comply with the Copyright Office's regulation that requires termination notices for gap grants to recite as the date of execution, the date on which the work was created. Def.'s Br. in Support of Mot. to Dismiss 8-9.[1]  Defendant's so-called attack on the "facial" validity of Plaintiff's Termination Notice is misleading because the substance of Defendant's motion challenges the accuracy of the information contained in Plaintiff's Termination Notice. Adjudicating Defendant's motion would require this Court to determine factual questions that extend well beyond the scope of the pleadings and that touch upon issues that remain peculiarly within Defendant's knowledge.  Moreover, at this early stage of the litigation and without the benefit of discovery, the Court cannot resolve factual issues concerning the impact that an alleged mistake or omission in a termination notice may have on its validity, as required by 37 C.F.R. § 201.10(e).  For these reasons, Defendant's motion to dismiss should be denied.

---

[1] In footnote 9 on page 13 of its moving brief, Defendant raises additional arguments regarding why Plaintiff's Termination Notice is invalid.  Specifically, Defendant asserts that the 1977 Agreement constituted a work-for-hire agreement and that gap grants are not subject to termination under Section 203 of the Copyright Act.  Those arguments are not properly before the Court, as Defendant does not cite any legal authority to support those assertions, and more importantly, concedes that those issues are factually complex and require discovery.

## ARGUMENT

### I.      Standard

Under Rule 12(b)(6), the dispositive question is merely whether Plaintiff's Amended Complaint states "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Thus, the governing standard for resolving Defendant's motion is "facial plausibility." *Iqbal*, 556 at 678.  The Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).  The Second Circuit has held that "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the [asserted] defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  This liberal standard of construction is necessary because the question at this stage "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (quotation omitted).

### II.     Whether Gap Grants Are Subject To Termination Under Section 203 of the Copyright Act is a Threshold Issue

Plaintiff's claim for declaratory relief asks this Court to resolve a threshold issue in its favor: namely, that gap grants are subject to termination under Section 203 of the Copyright Act (of course, if this Court were to find that gap grants are not terminable, it need not decide whether Mr. Mtume's Termination Notice was valid).

In March 2010, the U.S. Copyright Office published a Notice of Inquiry seeking comments on the issue of gap grants. *See Gap in Termination Provisions*, 75 Fed. Reg. 15390 (March 29, 2010).  Based on the comments received and its own analysis, the Copyright Office

concluded that gap grants can be terminated under Section 203, as currently codified, because "as a matter of copyright law, a transfer that predates the existence of the copyrighted work cannot be effective (and therefore cannot be "executed") until the work of authorship (and the copyright) come into existence." *See* U.S. Copyright Office, *Analysis of Gap Grants Under the Termination Provisions of Title 17* (December 7, 2010), https://www.copyright.gov/reports/gap-grant-analysis.pdf.  In arriving at its conclusion, the Copyright Office looked at the plain language of Title 17, including Section 203, as well as the legislative history of the termination provisions, and the transfer of copyrights and renewal rights under common law, prior to the enactment of the termination provisions. *Id.*

While Defendant's motion rejects the Copyright Office's sound interpretation of Section 203 and its conclusion that gap grants terminable under that section, *see* 37 C.F.R. § 201.10, Defendant concedes that this is a "factually complex" inquiry and, as such, not appropriately decided on a motion to dismiss. *See* Def.'s, Br. in Support of Mot. to Dismiss at 9 n.6   If this Court ultimately disagrees with the Copyright Office's statutory interpretation and conclusion that gap grants are subject to termination under Section 203, then it need not determine the adequacy of Plaintiff's Termination Notice.[2]

## III.   Plaintiff's Termination Notice Complies With 17 U.S.C. § 203 and 37 C.F.R. § 201.10

Defendant argues that Plaintiff's Amended Complaint should be dismissed in its entirety, claiming that the content of Plaintiff's Termination Notice is inaccurate, thereby rendering the Termination Notice invalid.  *See* Def.'s Br. in Support of Mot. to Dismiss at 12 ("Plaintiff

---

[2] See *Satellite Broad. & Commc'ns Ass'n of Am. v. Oman*, 17 F.3d 344, 347 (11th Cir. 1994) (noting that if the Copyright Office "has promulgated regulations which contradict the "clear meaning" or "plain language" of the statute, then those regulations must be struck down") (citations omitted).

arbitrarily selected the date of assignment of the 1977 Agreement as a placeholder, and incorrectly set forth that date as the 'date of execution of the grant.'"). Defendant's motion should be denied because the allegation that the Termination Notice was accurate must be accepted as true on a motion to dismiss, and in any event, requires an extensive factual inquiry that cannot be resolved on a motion to dismiss. *See Stillwater Ltd. v. Basilotta*, 16-cv-1895, 2017 WL 2906056, at \*5 (C.D. Cal. Mar. 17, 2017) (Order Denying Mot. To Dismiss) [Docket No. 54] (holding that alleged errors in publication dates of various registrations in termination notice raise factual issues).

Even assuming *arguendo* that Plaintiff's Termination Notice did not accurately reference or failed to reference a date of execution of the grant (which Plaintiff disputes), the Copyright Office's own regulations specifically provide that an inadvertent or good faith error in providing the date of execution of a grant (including for gap grants) does not automatically invalidate a termination notice. *See* 37 C.F.R. § 201.10(e)(1) ("[h]armless errors in a notice that do not materially affect the adequacy of the information required to serve the purpose of [the statute] shall not render the notice invalid."). The issue of whether the claimed error was "harmless" in this case surely cannot be resolved on a motion to dismiss. Defendant's attempt to rely on regulations promulgated by the Copyright Office to invalidate Plaintiff's Termination Notice, without <u>any</u> reference or discussion of the "harmless error" rule under 37 C.F.R. § 201.10(e) is telling, as is Defendant's failure to cite any authority for the proposition that a scrivener's error in a termination notice (such as the type of error alleged here) renders it invalid.[3]

---

[3] Defendant's moving brief cites to *Burroughs v. Metro-Goldwyn-Mayer, Inc*., 683 F.2d 610, 622 (2d Cir. 1982), although without any discussion of its relevance to the instant case. *Burroughs* concerned whether the omission of titles to specific works in a termination notice rendered the entire termination notice invalid insofar as recapture of the copyright, or just invalid as to the omitted works were concerned. The court did *not* discuss the harmless error rule.

The Copyright Act requires very little in the way of formalities and delegates to the Register of Copyrights the authority to determine the form and content of termination notices. *See* 17 U.S.C. § 203(4)(B).  Although there is no approved form for termination notices, the Copyright Office has promulgated regulations specifying the content of a termination notice. The requirements prescribed by the Register of Copyrights are set forth in 37 C.F.R. § 201.10(b)(1)-(2) and include, but are not limited to:  (i) a statement that the termination is made under section 203 or under sections 304(c) or 304(d); (ii) the name of each grantee whose rights are being terminated, or the grantee's successor in title; (iii) each address at which service of the notice is being made; (iv) a brief statement reasonably identifying the grant to which the notice of termination applies; (v) and the effective date of termination. *Id.*

In 2011, after concluding that gap grants are subject to termination under Section 203, the Copyright Office amended section 201.10 of 37 C.F.R., in connection with "Notices of termination of transfers and licenses," to allow termination notices for gap works to be accepted and recorded with the Copyright Office.  Specifically, the Copyright Office added a new paragraph, (f)(5), which reads, "In any case where an author agreed, prior to January 1, 1978, to a grant of a transfer or license of rights in a work that was not created until on or after January 1, 1978, a notice of termination of a grant under § 203 of title 17 may be recorded if it recites, as the date of execution, the date on which the work was created."  37 C.F.R. § 201.10(f)(5).

Here, Plaintiff's Termination Notice, attached as Exhibit A to the Amended Complaint, contains all of the content specified in section 201.10.  Specifically, the Termination Notice identifies the album titles for the sound recordings to be terminated (paragraph 4), their corresponding copyright registration numbers (paragraph 6), and the dates that each of the albums were first published by Defendant's predecessor (paragraph 3).  Paragraph 7 of the

Termination Notice identifies the June 24, 1977 Agreement pursuant to which Plaintiff created the albums, which Plaintiff subsequently delivered to Defendant's predecessor under the August 1979 assignment to CBS Records.  Paragraph 2 of the Termination Notice provides a date of execution of the grant being terminated. *Id.*  Finally, the subject line of the Termination Notice includes a statement that termination is being sought under Section 203. *Id.*

Notwithstanding all of the information contained in Plaintiff's Termination Notice, any perceived error or omission specifically relating to the date of execution of the grant (as alleged by Defendant) qualifies as harmless error under 37 C.F.R. § 201.10(e)(1) and should have no effect on validity of the Termination Notice because the alleged error did not "materially affect the adequacy of the information in the notice," and Defendant has *not* suggested or demonstrated otherwise.

In *Music Sales Corp. v. Morris*, 73 F. Supp. 2d 364, 378 (S.D.N.Y. 1999), this Court denied defendant's motion for summary judgment on the issue of whether plaintiff's termination notice was effective under Section 304 of the Copyright Act based upon the language used to identify the grant under 37 C.F.R. 201.10(b)(1)(iii).  There, the termination notice identified the grant as "grant or transfer of copyright and the rights of copyright proprietor, including publication and recording right only." *Id.*  In evaluating the adequacy of this language, the Court held that:

> **Although this generic statement would not seem to reasonably identify the grant, the custom of the industry and of the Register of Copyrights dictates that this language is adequate.**  In fact, it appears to be boilerplate on termination notices customarily accepted by the Register of Copyrights.

*Id.* at 380 (emphasis added).  Under *Music Sales*, to the extent this Court is inclined to analyze whether Plaintiff's Termination should be rendered invalid based on the Defendant's assertions

that the information contained in the notice is not accurate, additional facts such as industry custom relating to gap grant termination notices and the information contained therein should be considered by this Court. *See Siegel v. Warner Bros. Entm't Inc*., 658 F. Supp. 2d 1036 (C.D. Cal. 2009) (noting that consideration of whether an error in meeting the formalities called for in the regulations is harmless is a "fact-intensive inquiry.")

And, of course, whether the perceived error in Plaintiff's Termination Notice was "harmless" under the circumstances of the parties' relationship is not something the Court can decide on a motion to dismiss, without the benefit of a fully developed record. For example, in *Siegel v. Warner Bros. Entm't*, 690 F. Supp. 2d 1048 (C.D. Cal. 2009), the court was presented with a motion for reconsideration of its summary judgment finding that plaintiff's failure to identify in a termination notice the first two weeks' worth of Superman newspaper strips constituted harmless error so as to not prevent the notice from applying to those strips. In denying the motion for reconsideration, the Court engaged in a detailed analysis of the "harmless error" rule and concluded that an error's "materiality," and hence its "harmlessness," was to be viewed through the prism of the information needed to adequately advance the purpose sought by the statutory termination provisions themselves." *Id.* at 1052 (C.D. Cal. 2009).

As it relates to the purpose of the statutory provision at issue in this case, the Copyright Office has explained that a notice of termination should recite the date of execution of the grant in order to properly establish the five-year window during which termination is permissible. Specifically, the Copyright Office has noted:

> The Copyright Office also wishes to underscore that the existing regulations, and **the regulation adopted today, do not provide that a notice of termination should identify the date of creation of the work. Rather, the regulation requires identification of the date of execution of the grant because for purposes of section 203, the date of execution is central to establishing the 5-**

**year window, 35-40 years later, during which termination is permissible and may be effected**.  But, as noted above and in the Office's more extensive Analysis of Gap Grants Under the Termination Provisions of Title 17, the purpose of the regulation being adopted today is to permit recordation of a notice of termination of a Gap Grant when the terminating party recites, as the date of execution of the grant, the date the work was created.  **The notice of termination need not expressly recite that the work was created on a particular date (although it may do so).  However, for purposes of establishing timeliness, it seems prudent, if not essential, that the notice recite a date of execution of the grant**.

*Gap in Termination Provisions*, 76 Fed. Reg. 32316, 32318, 32319 (June 6, 2011) (emphasis added).[4]

The Copyright Office has also recognized, however, that authors of gap grants may encounter practical difficulties in establishing an effective date of execution based on the date of creation of a work, and that under 37 C.F.R. 201.10(e), an incorrect date in a Termination Notice would *not* automatically invalidate that Termination Notice.  Specifically, the Copyright Office noted:

Section 201.10 has, since it was first adopted in 1977, included a "harmless error" provision. That provision currently provides that "errors made in giving the date or registration number referred to in paragraph (b)(1)(iii), (b)(2)(iii), or (b)(2)(iv) of this section * * * shall not affect the validity of the notice if the errors were made in good faith and without any intention to deceive, mislead, or conceal relevant information." 37 CFR 201.10(e)(2). Thus, since 1977 harmless errors in identifying "the date copyright was originally secured i[n] each work to which the notice of termination applies," the requirement set forth in paragraph (b) (1)(iii), have not affected the validity of the notice. More pertinently, **harmless errors in reciting the date of execution, the requirement set forth in paragraph (b)(2)(iii) of section 201.10, also have not affected the validity of a notice of termination under section 203** since regulations governing section 203 notices of termination were first adopted. **This provision should provide relief for terminating parties who provide a date of execution which, although it is as accurate as the terminating party is able to ascertain, turns out not to be the actual date of execution of the grant (i.e., in the case of a Gap Grant, the actual date the work was created), so long as the date is provided in good**

---

[4] While views of the Copyright Office may not be dispositive, its interpretations are accorded due deference under the Supreme Court's *Skidmore* standard. *See Morris v. Bus. Concepts, Inc.*, 259 F.3d 65, 70-71 & n.3 (2d Cir. 2001).

**faith and without any intention to deceive, mislead or conceal relevant information.** Of course, if the wrong date is recited in the notice and a court subsequently determines that the actual date of execution was at a time that places the effective date of termination or the date of service of the notice of termination outside of the statutory windows, the harmless error doctrine will be of no assistance. But that would not be the result of the misstatement in the notice of termination of the date of execution; rather, it would be because upon a review of all the relevant facts, a court concludes that the actual date of execution was too early or too late to provide a basis for the service of the notice of termination.

*Gap in Termination Provisions*, 76 Fed. Reg. 32316-01 (June 6, 2011) (emphasis added).

Defendant has not challenged the timeliness of Plaintiff's Termination Notice, nor has it argued that it is unable to confirm the accuracy of the information contained in the Termination Notice. Most importantly, Defendant has not argued that the harmless error rule should not apply in a situation such as this where the information it claims is missing from or inaccurately described in the Termination Notice remains in Defendant's *exclusive* possession (*e.g.*, the master tapes of the sound recording at issue). In any event, the Copyright Office's commentary makes clear that whether a termination notice was timely served is for the court to decide based upon a review of all of the relevant facts. *See Gap in Termination Provisions*, 76 Fed. Reg. 32316-01 (June 6, 2011).[5] For these reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint should be denied.[6]

---

[5] Defendant had ample opportunity to address any concerns regarding the content of Plaintiff's July 2015 Termination Notice *prior* to the Termination Notice being recorded with the Copyright Office on November 13, 2015. *See* Am. Compl., Ex. A. Instead, Defendant waited nearly two years to respond to Plaintiff's Termination Notice. Am. Compl. ¶ 29. By that time, the termination date for Plaintiff's album "Kiss this world goodbye" had already taken effect. Defendant also could have filed a counter-notice with the Copyright Office, but it did not. *See Compendium of U.S. Copyright Office Practices*, Third Edition, § 2310.8 (noting that a party who receives a termination notice may submit a counter-notice letter to the Copyright Office that challenges the sufficiency of the termination notice).

[6] Defendant's motion also seeks to dismiss Plaintiff's copyright infringement claims (Counts III-V) based on its theory that Plaintiff is not the owner of the sound recordings at issue because the

## CONCLUSION

For all the forgoing reasons, this Court should deny Defendant's motion to dismiss in its

entirety.

Dated: New York, NY
       November 26, 2018

<div style="margin-left: 50%;">

_s/ Steven M. Lucks_

Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
646.755.9200
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

-and-

David B. Rosemberg
(admitted _pro hac vice_)
ROSEMBERG LAW
18851 NE 29th Ave., Suite 1005
Aventura, FL 33180
305.602.2008
david@rosemberglaw.com

Attorneys for Plaintiff James Mtume

</div>

---

Termination Notice is invalid. Def.'s Br. in Support of Mot. to Dismiss at 13. For the reasons set forth herein, this argument fails because the Termination Notice was valid and, in any event, even assuming _arguendo_ that the Court was to find the Termination Notice to be invalid for non-compliance with 37 C.F.R. § 201.10, Plaintiff is still within the statutory window to serve and record a corrected termination notice at least as to one of the albums at issue.