UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES MTUME,<br><br>        Plaintiff,<br><br>vs.<br><br>SONY MUSIC ENTERTAINMENT, a<br>Delaware partnership,<br><br>        Defendant. | Civil Action No.: 1:18-cv-06037 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS</u>**

Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel: 646.755.9200
Fax: 973.679.4435
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

David B. Rosemberg (*admitted pro hac vice*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Ste. 602
Miami, FL 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com

Attorneys for Plaintiff James Mtume

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

BACKGROUND ................................................................................................. 1

ARGUMENT ..................................................................................................... 2

    I.    The Court Should Decline To Exercise  Supplemental Jurisdiction Over Sony's Counterclaims ..................................................................................... 2

    II.    Sony's Counterclaims Fail As A Matter of Law ................................... 4

        A.    Sony Fails To State A Claim for Breach of Contract ............................. 4

        B.    Sony Fails To State A Claim for Unjust Enrichment ............................. 6

        C.    Sony's Claims for Breach of Contract and Unjust  Enrichment Are Barred by the Voluntary Payment Doctrine ............................................ 8

        D.    The Court Should Dismiss Sony's Request for Declaratory Relief ....... 11

CONCLUSION ................................................................................................ 12

i

# TABLE OF AUTHORITIES

**Pages(s)**

## Cases

*Achtman v. Kirby, McInerney & Squire, LLP,*
   464 F.3d 328 (2d Cir. 2006) ........................................................................ 3

*Agerbrink v. Model Serv. LLC,*
   155 F. Supp. 3d 448 (S.D.N.Y. 2016) ......................................................... 7

*Alfandary v. Nikko Asset Mgmt., Co.,*
   17-cv-5137, 2019 WL 6683752 (S.D.N.Y. Dec. 6, 2019)........................... 12

*AMEX Assurance Co. v. Caripides,*
   316 F.3d 154 (2d Cir. 2003) ........................................................................ 8

*Arcadia Biosciences, Inc. v. Vilmorin & Cie,*
   356 F. Supp. 3d 379 (S.D.N.Y. 2019) ......................................................... 7

*Boart Longyear Ltd. v. All. Indus., Inc.,*
   869 F. Supp. 2d 407 (S.D.N.Y. 2012) ......................................................... 4

*Camofi Master LDC v. College P'ship, Inc.,*
   452 F. Supp. 2d 462 (S.D.N.Y. 2006) ......................................................... 11

*CBS Broad. Inc. v. Jones,*
   460 F. Supp. 2d 500 (S.D.N.Y. 2006) ......................................................... 7

*City of Perry v. Procter & Gamble Co.,*
   188 F. Supp. 3d 276 (S.D.N.Y. 2016) ......................................................... 12

*Cobalt Multifamily Investors I, LLC v. Bridge Capital (USVI), LLC,*
   06-cv-5738, 2007 WL 2584926 (S.D.N.Y. Sept. 7, 2007) .......................... 8

*Cont'l Cas. Co. v. Coastal Sav. Bank,*
   977 F. 2d 734 (2d Cir. 1992) ....................................................................... 11

*Dedalus Foundation v. Banach,*
   09-cv-2842, 2009 WL 3398595 (S.D.N.Y Oct. 16, 2009) .......................... 4

*DiFolco v. MSNBC Cable L.L.C.,*
   622 F.3d 104 (2d Cir. 2010) ........................................................................ 5

*Eastman Kodak Co. v. Bostic,*
   91-cv-1797, 1991 WL 243378 (S.D.N.Y. Nov. 14, 1991) .......................... 5

*Global Detection & Reporting, Inc. v. Securetec Detektions-Systeme AG*,
    08-cv-5441, 2008 WL 5054728 (S.D.N.Y. Nov. 21, 2008) ...................................................... 6

*Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*,
    960 F. Supp. 701 (S.D.N.Y. 1997) ........................................................................................ 6

*Grewal v. Cuneo*,
    13-cv-6836, 2016 WL 308803 (S.D.N.Y. Jan. 25, 2016) ................................................... 12

*Grynberg v. Eni S.p.A.*,
    06-cv-6495 (RLC), 2007 WL 2584727 (S.D.N.Y. Sept. 5, 2007) ........................................ 8

*ImagePoint, Inc. v. JPMorgan Chase Bank, Nat. Ass'n*,
    27 F. Supp. 3d 494 (S.D.N.Y. 2014) ..................................................................................... 7

*In re PetroChina Company Ltd. Sec. Litig.*,
    120 F. Supp. 3d 340 (S.D.N.Y. 2015) .................................................................................... 5

*In re Sud v. Sud*,
    211 A.D.2d 423 (1st Dep't 1995) ........................................................................................... 4

*Knudsen v. Quebecor Printing (U.S.A.) Inc.*,
    792 F. Supp. 234 (S.D.N.Y. 1992) ......................................................................................... 7

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) .................................................................................... 7

*Kraus USA, Inc. v. Magarik*,
    17-cv-6541, 2018 WL 4682016 (S.D.N.Y. Sept. 28, 2018) ................................................. 3

*Kraus v. Visa Int'l Serv. Ass'n*,
    304 A.D.2d 408 (1st Dep't 2003) ........................................................................................... 4

*LaChapelle v. Torres*,
    37 F. Supp. 3d 672 (S.D.N.Y. 2014) ..................................................................................... 3

*Matusovsky v. Merrill Lynch*,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002) .................................................................................... 5

*Miramax Film Corp. v. Abraham*,
    01-cv-5202, 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003) ............................................. 12

*Montefiore Med. Ctr. v. Teamsters Local 272*,
    642 F.3d 321 (2d Cir. 2011) .................................................................................................. 3

*Morrison v. Nat'l Australia Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) ..................................................... 2

*Muller v. Olin Mathieson Chem. Corp.*,
   404 F.2d 501 (2d Cir. 1968) ........................................................................... 11

*Prudential Equity Grp,. LLC v. Ajamie*,
   524 F. Supp. 2d 473 (S.D.N.Y. 2007) ............................................................. 3

*Ryan v. Volpone Stamp Co.*,
   107 F. Supp. 2d 369 (S.D.N.Y. 2000) ............................................................. 6

*Sazerac Co. v. Falk*,
   861 F. Supp. 253 (S.D.N.Y. 1994) ................................................................... 5

*Soft Classic S.A. de C.V. v. Hurowitz*,
   444 F. Supp. 2d 231 (S.D.N.Y. 2006) ............................................................. 11

*Turner Network Sales, Inc. v. DISH Network L.L.C.*,
   17-cv-7599, 2019 WL 4735402 (S.D.N.Y. Sept. 27, 2019) ......................... 10

*Wurtz v. Rawlings Co., LLC*,
   12-cv-1182, 2016 WL 7174674 (E.D.N.Y. Nov. 17, 2016) ..................... 8, 10

<u>Statutes</u>

17 U.S.C. § 203 ........................................................................................................ 1

28 U.S.C. § 1367 ............................................................................................... 2, 3, 4

28 U.S.C. § 2201 ...................................................................................................... 1

<u>Other Authorities</u>

82 N.Y.Jur. 2d Payment & Tender § 80 ................................................................ 8

<u>Rules</u>

Fed. R. Civ. P. 12 ................................................................................................. 1, 2

Fed. R. Civ. P. 19 .................................................................................................... 6

Plaintiff James Mtume, through undersigned counsel, respectfully submits this memorandum of law pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7) in support of his motion to dismiss defendant Sony Music Entertainment's counterclaims, ECF No. 39.

## BACKGROUND

Plaintiff filed this action on July 3, 2018, for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, and the Copyright Act, 17 U.S.C. § 203, as well as for common-law accounting. Plaintiff's primary claim for declaratory relief concerns whether Plaintiff has a right to terminate prior copyright grants to "gap works" under the Copyright Act of 1976. Plaintiff seeks a declaration that: (1) "gap works" are subject to termination under Section 203 of the Copyright Act; and (2) Plaintiff's July 2015 Termination Notice relating to "gap works" is valid. *See* Am. Compl. (ECF No. 11) ¶¶ 34-40.

There are only three works at issue in Plaintiff's action: (1) *Kiss this world goodbye* (album) with a termination effective date of July 16, 2017; (2) *In search of the rainbow seekers* (album), with a termination effective date of September 12, 2017; and (3) "Juicy Fruit: pt. 2 (reprise); Juicy Fruit," a single-song recording, with a termination effective date of April 23, 2018. *See* Am. Compl. ¶ 28. Importantly, Plaintiff's claims for copyright infringement and common law accounting relate solely to Sony's exploitation of the sound recordings at issue in the Termination Notice *after* their respective effective dates of termination—*i.e.*, from July 16, 2017, to the present date. Am. Compl. ¶¶ 49-51, 55-57, 61-63.[1]

---

[1] Thus, if this Court enters judgment *against* Plaintiff with respect to either issue raised in his claim for declaratory relief, then Plaintiff's claims for copyright infringement and for common law accounting would also fail because those claims depend upon Plaintiff's right to terminate "gap works" under Section 203 of the Copyright Act and validity of his July 2015 Termination Notice. Sony's attempt to litigate (and seek discovery) relating to Plaintiff's copyright infringement or accounting claim prior to resolution of Plaintiff's claim for declaratory relief is premature.

On October 21, 2019, Sony filed its responsive pleading, which asserts three counterclaims: (i) breach of contract/implied covenant of good faith and fair dealing; (ii) unjust enrichment; and (iii) declaratory relief.  ECF No. 39.  Sony's breach of contract and unjust enrichment claims allege an "inadvertent" overpayment of royalties to Plaintiff since 2013, in connection with many works, only three of which are those placed at issue by Plaintiff's lawsuit.  *See* Countercls. ¶¶ 18, 24. Sony's claim for declaratory relief asks this Court to declare that the terms of the 1977 Agreement (as defined in the counterclaims) related to royalty payments are those reflected in the Agreement. *Id.* ¶ 31.

## ARGUMENT

I.     **The Court Should Decline To Exercise
       Supplemental Jurisdiction Over Sony's Counterclaims**

Rule 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case.  In the instant action, Sony asserts supplemental jurisdiction under 28 U.S.C. § 1367 as the sole purported basis for this Court's jurisdiction over its counterclaims.  Countercls. ¶ 3.  Sony, as the party claiming subject matter jurisdiction, "has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).  Sony has not met that burden here.

Where a court has original jurisdiction over a federal claim, it only has "supplemental jurisdiction over . . . claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  To support supplemental jurisdiction, "the federal claim and state claim must stem from the same 'common nucleus of operative fact'; in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial

2

proceeding.'" *Kraus USA, Inc. v. Magarik*, 17-cv-6541, 2018 WL 4682016, at *6 (S.D.N.Y. Sept. 28, 2018) (citing *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (internal citation omitted). "In determining whether two disputes arise from a 'common nucleus of operative fact,' [Courts] have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal citations omitted).

Here, there is no common thread between Plaintiff's federal copyright claim to protect his intellectual property rights starting in July 16, 2017 with respect to three works, and Sony's common law claims to recover six years of alleged overpayments of royalties for a far larger group consisting all sound recordings created under the 1977 Agreement. Thus, the Court lacks supplemental jurisdiction over the Sony's state law claims. *See LaChapelle v. Torres,* 37 F. Supp. 3d 672, 682 (S.D.N.Y. 2014) ("the Court must dismiss all claims that do not share a common nucleus of operative fact with Plaintiffs' federal claims, regardless of whether they are pled"); *Prudential Equity Grp,. LLC v. Ajamie*, 524 F. Supp. 2d 473, 475 (S.D.N.Y. 2007) (finding that the court could not exercise supplemental jurisdiction over state law claims that "ha[d] nothing to do with" the facts underlying the federal claims asserted).

Even if this Court had supplemental jurisdiction over Sony's counterclaims pursuant to 28 U.S.C. § 1367(a), it should decline to exercise that jurisdiction pursuant to 28 U.S.C. § 1367(c)(2), which permits this Court to do just that when the claim at issue "substantially predominates over the claim or claims over which the district court has original jurisdiction." Here, litigation over the counterclaims, which involve contractual interpretation with respect to a large group of works, will predominate over Plaintiff's lawsuit concerning a discrete legal issue with respect to a distinct

group of three works, *i.e.*, whether Plaintiff properly terminated their respective copyright grants. *See Dedalus Foundation v. Banach*, 09-cv-2842, 2009 WL 3398595 (S.D.N.Y Oct. 16, 2009) (declining to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(2) under similar circumstances).

## II.   Sony's Counterclaims Fail As A Matter of Law

### A.   Sony Fails To State A Claim for Breach of Contract

Sony's first counterclaim conflates two separate causes of action by alleging that Plaintiff "has breached the 1977 Agreement and the 1983 Agreement and the covenant of good faith and fair dealing implied in them by retaining the overpayments identified above."  *See* Countercls. ¶ 21.[2]  Nevertheless, the crux of Sony's counterclaim for both breach of contract and breach of the implied covenant claims is that Plaintiff allegedly retained overpayments of royalties that Sony voluntarily paid over the course of six years.  Countercls. ¶ 12.  Notwithstanding Sony's pleading deficiencies, Sony's breach of contract counterclaim fails for at least three independent reasons.

*First*, Sony has not alleged the breach of any specific provision of either the 1977 Agreement or the 1983 Agreement (as defined in the counterclaims).  A plaintiff claiming a breach of contract must allege in non-conclusory language the essential terms of the parties' contract and the specific contractual terms upon which liability is predicated.  *See, e.g.*, *In re Sud v. Sud*, 211 A.D.2d 423, 424 (1st Dep't 1995) (affirming dismissal of breach of contract claim for failure to allege in non-conclusory language the specific terms of the contract that were allegedly breached); *see also Kraus v. Visa Int'l Serv. Ass'n*, 304 A.D.2d 408, 408 (1st Dep't 2003) (affirming dismissal of plaintiff's breach of contract claim where "plaintiff failed to allege the breach of any particular

---

[2] When a claim for breach of the implied covenant of good faith and fair dealing arises from the same facts and alleges the same damages as a breach of contract claim, it must be dismissed as duplicative of the breach of contract claim. *See Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 420 (S.D.N.Y. 2012).

contractual provision").  Here, Sony's first counterclaim is devoid of any allegation of the breach

of any particular contractual provision, either in the 1977 Agreement or the 1983 Agreement.  *See*

Countercls.

      *Second*, Sony's claim for breach of the 1983 Agreement fails because under the express

terms of that agreement, Sony was required to provide thirty days' written notice and an

opportunity to cure as a condition precedent to bringing an action for breach.[3]  Specifically, the

1983 Agreement provides that

> *Neither Party will be entitled to recover damages or to terminate the*
> *term of this agreement by reason of any breach by the other Party*
> *of its material obligations, unless the latter Party has failed to*
> *remedy the breach within thirty days following notice* (or, if the
> breach concerned cannot be remedied within thirty days, if the latter
> party commences to remedy it within that time and proceeds to
> complete the remedy within reasonable promptness).

*See* Declaration of David B. Rosenberg, dated January 3, 2020, Ex. A (relevant excerpts from

1983 Agreement) ¶ 19.06 (emphasis added).  Sony's counterclaim is devoid of any allegation that

it provided prior written notice of any alleged breach of the 1983 Agreement prior to filing its

counterclaim.  *See Eastman Kodak Co. v. Bostic*, 91-cv-1797, 1991 WL 243378, at *2-3 (S.D.N.Y.

Nov. 14, 1991) (dismissing breach of contract action because plaintiff failed to allege it had

satisfied a condition precedent to bringing suit).

---

[3] Sony fails to attach the 1977 Agreement and the 1983 Agreement to its counterclaim or otherwise incorporate their terms.  However, on a motion to dismiss the Court "may consider a document that is attached to the complaint, incorporated by reference or integral to the complaint."  *In re PetroChina Company Ltd. Sec. Litig.*, 120 F. Supp. 3d 340 (S.D.N.Y. 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).  Moreover, "if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint."  *Sazerac Co. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994).  Such contradicted allegations are "insufficient to defeat a motion to dismiss."  *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002).

*Third*, Sony failed to join an indispensable party.  *See* Fed. R. Civ. P. 19.  As Sony acknowledges in its counterclaims, on October 21, 1983, Ifland Corp. was substituted for Mtume as a party to the 1977 Agreement.  *See* Countercls. ¶ 9; *see also* Rosemberg Decl., Ex. B (relevant excerpts from October 21, 1983 modification to the 1977 Agreement) ¶ 2.  Similarly, Ifland Corp. is the contracting party to the 1983 Agreement that Sony alleges was breached by Plaintiff.  *See* Rosemberg Decl., Ex. A.  It is well-established that on a breach of contract action, all parties to the at-issue contract are necessary to the lawsuit because "complete relief cannot be accorded" in that party's absence.  *Ryan v. Volpone Stamp Co*., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000); *see also Global Detection & Reporting, Inc. v. Securetec Detektions-Systeme AG*, 08-cv-5441, 2008 WL 5054728, at *1 (S.D.N.Y. Nov. 21, 2008) (same); *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 708 (S.D.N.Y. 1997) ("As a direct party to the contract which is under dispute, Karabu is a necessary party to this litigation for at least three reasons articulated under Federal Rule of Civil Procedure Rule 19(a).").  Indeed, courts have repeatedly characterized parties to the underlying contract as necessary because (i) a contract involves that party's rights; (ii) the absent party's interests could be impaired or impeded by a determination of its duties or obligations under the contract; and (iii) the absence of that party could place the remaining parties at risk of multiple or inconsistent obligations in subsequent or parallel proceedings.  *See id.*; *see also* Fed. R. Civ. P. 19(a).  Thus, Sony's first counterclaim should be dismissed for failure to join Ifland Corp. as a necessary and indispensable party.

## B.       Sony Fails To State A Claim for Unjust Enrichment

Sony's unjust enrichment claim must be dismissed because it is duplicative of Sony's breach of contract claim.  Even if Sony's unjust enrichment claim survives, the applicable statute of limitations would only permit recovery going back three years.

Sony's claim for unjust enrichment alleges that "Plaintiff has been unjustly enriched by retaining royalties that Sony paid to Plaintiff by mistake and to which Plaintiff is not contractually entitled." Countercls. ¶ 24. This claim is duplicative of Sony's claim for breach of contract, which alleges that Plaintiff "has breached the 1977 Agreement and the 1983 Agreement and the covenant of good faith and fair dealing implied in them by retaining the overpayments." *See id.* ¶ 21. Sony's unjust enrichment claim is entirely duplicative of the breach of contract claim and, as such, fails as a matter of law. *See Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 400-01 (S.D.N.Y. 2019) (dismissing unjust enrichment claim as duplicative of breach of contract claim); *Koenig v. Boulder Brands, Inc*., 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014) ("[T]he Court finds that Plaintiffs' unjust enrichment claim is merely duplicative of their other causes of action and dismisses this claim.").

Indeed, under New York law, the existence of a valid contract typically bars recovery based on the quasi-contract theory of unjust enrichment. *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016); *see Knudsen v. Quebecor Printing (U.S.A.) Inc*., 792 F. Supp. 234, 237 (S.D.N.Y. 1992) ("Courts generally dismiss claims for quantum meruit on the pleadings . . . when it is clear from the face of the complaint that there exists an express contract that clearly controls."); *ImagePoint, Inc. v. JPMorgan Chase Bank, Nat. Ass'n*, 27 F. Supp. 3d 494, 516 (S.D.N.Y. 2014) ("However, where 'there is a valid and enforceable contract between the parties, and the subject matter of the unjust enrichment claim is covered by the contract' the unjust enrichment claim must be dismissed." (citing *CBS Broad. Inc. v. Jones*, 460 F. Supp. 2d 500, 506 (S.D.N.Y. 2006))). Here, Sony's claim is "covered by the contract," so the unjust enrichment claim must be dismissed.

Sony's unjust enrichment claim should also be dismissed to the extent it seeks damages prior to October 21, 2016. Unjust enrichment claims are "governed by either a three-year statute

of limitations when monetary relief is sought or a six-year statute of limitations when equitable relief is sought." *Grynberg v. Eni S.p.A.*, 06-cv-6495 (RLC), 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007). Here, Sony seeks monetary relief on its unjust enrichment claim, Countercls. ¶ 26, so that claim is subject to the three-year statute of limitations. In other words, even if valid, Sony's unjust enrichment claim is time-barred insofar as it seeks damages for conduct occurring prior to October 21, 2016.

**C.    Sony's Claims for Breach of Contract and Unjust Enrichment Are Barred by the Voluntary Payment Doctrine**

Sony's counterclaims for breach of contract/implied covenant of good faith and fair dealing, and unjust enrichment also fail as a matter of law where Sony admits that, for decades, it calculated, paid, and continued to pay record and mechanical royalties to Plaintiff under the 1977 Agreement voluntarily, free from any mistake of fact or law, and thus the "voluntary payment doctrine" bars its claims.

The voluntary payment doctrine "bars recovery of payments made with full knowledge of the facts, even if made under a mistake of law." *Wurtz v. Rawlings Co., LLC*, 12-cv-1182, 2016 WL 7174674, at *5 (E.D.N.Y. Nov. 17, 2016) (internal citations omitted). "[M]istake means being in error in one's belief as to what the contract states." *Cobalt Multifamily Investors I, LLC v. Bridge Capital (USVI), LLC*, 06-cv-5738, 2007 WL 2584926, at *9 (S.D.N.Y. Sept. 7, 2007) (quoting *AMEX Assurance Co. v. Caripides*, 316 F.3d 154, 161 (2d Cir. 2003)). In general, voluntary payments cannot be recovered under a claim of right, since the law affords no relief to a payor who, with full knowledge of the facts, makes a voluntary payment of money to one whom the payor does not owe. In addition, where payments are authorized as a result of mere error of judgment, there is no common law right of recoupment recognized. 82 N.Y.Jur. 2d Payment & Tender § 80.

Here, Sony's own allegations demonstrate that Sony was solely responsible for calculating the royalty payments owed to Plaintiff, and voluntarily remitted those royalty payments based on Sony's own calculations as to the amounts due under the 1977 Agreement. Specifically, Sony alleges that

> For decades, *Sony paid royalties* on the sound recordings created pursuant to the 1977 Agreement *at the rates provided under the 1977 Agreement*.

Countercls. ¶ 11 (emphasis added).

> *Due to an inadvertent internal accounting error*, for at least the last six years, *Sony has paid record royalties to Plaintiff* and/or Plaintiff's designee on Plaintiff's behalf for the sound recordings created pursuant to the 1977 Agreement *at the royalty rates specified in paragraph 9 of the 1983 Agreement rather than the royalty rates specified by Paragraph 6 of the 1977 Agreement.*

*Id.* ¶ 12 (emphasis added)

> Additionally, *Sony inadvertently has paid Plaintiff* and/or Plaintiff's designee on Plaintiff's behalf *mechanical royalties* for digital exploitation of certain musical compositions embodied in the sound recordings created pursuant to the 1977 Agreement *at the statutory rate rather than the controlled composition rates specified in paragraph 23 of the 1977 Agreement.*

*Id.* ¶ 13 (emphasis added)

Notably, the 1977 Agreement (which Sony fails to annex to its counterclaim) further demonstrates that Sony was solely responsible for calculating the amount of royalties due to Plaintiff, as well as for rendering account statements to Plaintiff confirming these royalty payments. Specifically, paragraph 6 of that agreement provided in part:

> Conditioned upon Artist's full and faithful performance of all of the terms hereof, *Producer will pay to Artist* in respect of recordings made hereunder, the following totally royalty upon the terms hereinafter set forth.

*       *       *

> *Accountings as to royalties payable hereunder shall be made by Producer to Artist* within thirty (30) days after Company is accounted to by its licensee(s), together with payment of accrued royalties, if any, earned by Artist during the preceding half year less all advances and charges under this contract. Statements need not be rendered by Producer with respect to those accounting periods during which less than Ten ($10.00) Dollars accrued royalties are due and owing to Artist.

Rosemberg Decl., Ex. C (relevant excerpts from 1977 Agreement) ¶¶ 6, 6(j) (emphasis added).

Sony's counterclaim alleges that Sony voluntarily remitted these royalty payments based on Sony's own calculation of amounts due for decades.  Sony does not allege that the payments were made under circumstances constituting fraud or duress, or that they were otherwise involuntary.  *See Wurtz*, 2016 WL 7174674, at *5 ("[T]he voluntary payment doctrine applies only to voluntary payments, not to payments made as a result of fraud or duress.").

Sony's allegation that the alleged overpayments were the result of an "inadvertent internal accounting error" is clearly sufficient to establish that Sony (and only Sony) should have known that the alleged payments actually made to Plaintiff were not based on the royalty rates set for in the 1977 Agreement.  Sony cannot now claim, after years of voluntary payments, that it is entitled to recoup royalties that it was solely responsible for calculating based on its own understanding of its obligations under the Agreement.  *See Turner Network Sales, Inc. v. DISH Network L.L.C.*, 17-cv-7599, 2019 WL 4735402, at *7 (S.D.N.Y. Sept. 27, 2019) (granting summary judgment, applying voluntary payment doctrine to claim to recover fees that defendant wrongfully recouped).[4]

---

[4] It is telling that Sony never questioned these royalty payments until *after* Plaintiff filed his lawsuit.

**D.**     **The Court Should Dismiss Sony's Request for Declaratory Relief**

This Court should decline to exercise hear Sony's claim for declaratory relief because it is duplicative of Sony's claims for breach of contract and unjust enrichment claims and thus will serve no useful purpose.

It is well settled that "[i]t is within the broad discretion of the trial court whether to exercise declaratory jurisdiction." *Camofi Master LDC v. College P'ship, Inc*., 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (citing *Muller v. Olin Mathieson Chem. Corp*., 404 F.2d 501, 505 (2d Cir. 1968)). In doing so, "[t]he Court must consider whether a declaratory judgment will (1) 'serve a useful purpose in clarifying and settling the legal relations in issue;' or (2) 'afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id*. (citing *Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F. 2d 734, 737 (2d Cir. 1992) (citation omitted)). If a declaratory judgment claim "seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action," the claim is duplicative and should be dismissed. *Soft Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006).

Here, Sony seeks a declaration that the royalty rates for the exploitation of the sound recordings created under the 1977 Agreement, as well as the mechanical royalty rate for compositions embodied in those sound recordings are the rates specified in the 1977 Agreement. Countercls. ¶ 31.  In other words, Sony seeks a declaration that the 1977 Agreement "says what it says." Sony's request for declaratory relief serves no useful purpose because the relief sought (*i.e.*, interpretation of the 1977 Agreement to determine applicable royalty rates) is already encompassed in Sony's claims for breach of contract and unjust enrichment, and any alleged doubt that Sony has as to the applicable royalty rates will be resolved as part of those claims.  "[W]here a declaratory judgment claim is redundant of a primary claim raised by a party to a lawsuit, it is properly dismissed as duplicative." *Grewal v. Cuneo*, 13-cv-6836, 2016 WL 308803, at *9

11

(S.D.N.Y. Jan. 25, 2016); *see City of Perry v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 286 (S.D.N.Y. 2016) ("Courts generally reject a DJA claim when other claims in the suit will resolve the same issues."); *Miramax Film Corp. v. Abraham*, 01-cv-5202, 2003 WL 22832384, at *15 (S.D.N.Y. Nov. 25, 2003) ("Where the declaratory relief sought is already encompassed within the substantive claims, plaintiff can obtain the requested relief without aid of a separate declaratory judgment claim."); *Alfandary v. Nikko Asset Mgmt., Co.*, 17-cv-5137, 2019 WL 6683752, at *5 (S.D.N.Y. Dec. 6, 2019) (dismissing declaratory judgment claim because plaintiff's rights under the agreement would be resolved under the contract claim).

## CONCLUSION

Based on the foregoing, Plaintiff James Mtume respectfully requests that this Court dismiss Defendant Sony Music Entertainment's counterclaims with prejudice.

Dated: New York, NY
January 3, 2020

s/ *Steven M. Lucks*
Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel: 646.755.9200
Fax: 973.679.4435
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

David B. Rosemberg (*admitted pro hac vice*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Ste. 602
Miami, FL 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com

Attorneys for Plaintiff James Mtume

12