UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES MTUME,

                          Plaintiff,

         – against –

SONY MUSIC ENTERTAINMENT,

                          Defendant.

**ORDER**

18 Civ. 6037 (ER)

Ramos, D.J.:

     James Mtume brought this copyright action against Sony Music Entertainment on July 3, 2018. Doc. 1. Mtume died on January 9, 2022, and counsel for plaintiff filed a suggestion of death on April 1, 2022. Doc. 101. A motion to substitute Gregory McBowman, the executor of Mtume's estate, as the plaintiff in this action followed on April 11, 2022. Doc. 102. Sony opposed the motion. Doc. 104. For the reasons stated herein, the motion to substitute is GRANTED.

     **I.    LEGAL STANDARD**

     Federal Rule of Civil Procedure Rule 25(a)(1) states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." "To succeed on a motion for substitution, the movant must show (i) the motion is timely; (ii) the movant's claims have not been extinguished by the death; and (iii) the movant proposed a proper party for substitution." *Adler v. Bank of Am., N.A.*, No. 13 Civ. 4866 (VB), 2015 WL 2330171, at *1 (S.D.N.Y. Mar. 24, 2015) (citation omitted).

## II.  DISCUSSION

Sony solely disputes the third element and argues that McBowman is not a proper party for substitution. Specifically, while Sony does not dispute that McBowman is executor of Mtume's estate, it argues that McBowman has not demonstrated that the copyright interests at issue in this case are assets of Mtume's estate. Sony argues that where copyright interests are transferred from an estate to a separate trust, as it believes is the case here due to representations by plaintiff's counsel at the Court's April 6, 2022 status conference, the trustee and not the executor is the proper party to substitute. *See Fugnetti v. Bird B Gone, Inc.*, No. SACV 19-00847-CJC(DFMx), 2020 WL 6526363, at *3 (C.D. Cal. Sept. 17, 2020).

Plaintiff responds that, although counsel did represent at the April 6, 2022 status conference that a trustee would ultimately be substituted, counsel was mistaken and the express terms of Mtume's will permit McBowman to pursue the instant action. The will states that McBowman shall:

- "[D]etermine, conclusively, what property is covered by descriptions in [the] Will," Doc. 109-1 § 7(A);

- "retain for such period as they may determine any property owned by [Mr. Mtume] at the time of [his] death or acquired thereafter," *id.* § 7(F);

- "compromise, settle, litigate, submit to arbitration, modify, subordinate, assign, release or abandon claims in favor of or against [Mr. Mtume's] estate," *id.* § 7(P);

- "otherwise deal with any copyrights and/or interests in copyrights . . . in such manner and upon such terms as they may determine ," *id.* § 7(Y);

- "record or refrain from recording any assignments of interests in copyrights and/or contractual rights," *id.* § 7(Z);

- "deal with any manuscripts, songs and/or works of art, and/or any rights relating thereto, in such manner and upon such terms as they may determine," *id.* § 7(AA); and

- "otherwise deal with . . . all other intangible personal or intellectual property rights

2

and interests, in such manner and upon such terms as they may determine." *Id.* § 7(BB).

The Court agrees with the plaintiff. The plain language quoted above demonstrates that McBowman has been granted authority to pursue Mtume's copyright claims against Sony by virtue of Mr. Mtume's will. Accordingly, the motion to substitute is granted.

### III. CONCLUSION

The motion to substitute is GRANTED. The Clerk of Court is respectfully directed to substitute Gregory McBowman as plaintiff in place of James Mtume and to terminate the motion, Doc. 102.

It is SO ORDERED.

Dated: May 16, 2022
      New York, New York

                                                                  EDGARDO RAMOS, U.S.D.J.